# Lord *vs.* Chadbourne & *al.*

At the time of the indorsement of a promissory note then payable, the indorser requested the indorsee " not to call on the maker at present," to which the indorsee agreed.  No demand was made on the maker till more than six months afterwards, and no notice to the indorser till three months after demand; all the parties living in the same county.  And it was held that this agreement did not excuse so long a delay, and that the indorser was discharged.

*Assumpsit* by the indorsee against the indorsers of a promissory note made by *Porter Sands, May* 1, 1830, and payable to the defendants or their order on demand, and indorsed in blank to the plaintiff.   At the time of its indorsement, which was *July* 30, 1830, the defendants requested the plaintiff " not to call on *Sands* at present," and the plaintiff replied that he would not.  *Sands,* being about to fail, was sued by the plaintiff, *Feb.* 14, 1831, but nothing

Lord *v.* Chadbourne & al.

was realized from the attachment; and no notice was given to the defendants till *May* 17, 1831. The parties all lived in this county. Upon these facts the action was submitted to the decision of the Court.

*D. Goodenow* and *Hussey*, for the plaintiff, contended that the agreement amounted to a waiver of demand and notice; and that the plaintiff was thereby constituted sole arbiter of the time when he would call on either of the parties; or else it was made his duty to wait till the defendants requested him to move.   *Mead v. Small*, 2 *Greenl.* 207; *Cobb v. Little, ib.* 261; *Hunt v. Adams*, 6 *Mass.* 519; *Oxford bank v. Haines*, 8 *Pick.* 423; *Storer v. Logan*, 9 *Mass.* 57; *Sumner v. Gay*, 4 *Pick.* 311; *Moyes v. Bird*, 9 *Mass.* 436; *White v. Howard*, 9 *Mass.* 314; *Parker v. Parker*, 6 *Pick.* 80; *Bond v. Farnham*, 5 *Mass.* 170; *Boyd v. Cleaveland*, 4 *Pick.* 525; 2 *Stark. Ev.* 274; *Fairbanks v. Richardson*, 5 *Pick.* 436; *Weld v. Gorham*, 10 *Mass.* 366; *Lincoln & Ken. bank v. Page*, 9 *Mass.* 155; *The same v. Hammatt, ib.* 159; *Blanchard v. Hilliard*, 11 *Mass.* 85; *Jones v. Fales*, 4 *Mass.* 251; *Berkshire bank v. Jones*, 6 *Mass*, 524; *Taunton bank v. Richardson*, 5 *Pick.* 436; *City bank v. Cutter*, 3 *Pick.* 414; *Barker v. Parker*, 6 *Pick.* 80; *Burrill v. Smith*, 7 *Pick.* 291; *Hale v. Burr*, 12 *Mass.* 86; *Bank of North America v. Barriere*, 1 *Yeates* 360; *Rugeley v. Davidson*, 2 *Conn.* 33; 2 *Stark. Ev.* 272, *note* 1.

*J. & E. Shepley*, for the defendants, cited *Bayley on bills*, 336; *Hopkins v. Liswell*, 12 *Mass.* 54; *Field v. Nickerson*, 13 *Mass.* 138; *Renner v. Bank of Columbia*, 9 *Wheat.* 587; *Free v. Hawkins*, 8 *Taunt.* 92; *Britton v. Webb*, 2 *Barnw. & Cres.* 483; *Moies v. Bird*, 9 *Mass.* 436; *Groton v. Dallheim*, 6 *Greenl.* 476; *Mead v. Small*, 2 *Greenl.* 207; *French v. Bank of Columbia*, 4 *Cranch* 163; *Hussey v. Freeman*, 10 *Mass.* 84; *Bank of Washington v. Triplett*, 1 *Pet.* 35.

MELLEN C. J. delivered the opinion of the Court.

The note in question had been due about three months when it was indorsed to the plaintiff, yet no demand was made on *Sands*

for more than six months; and no notice was given to the defendants for more than three months after such demand. Laying out of the case the agreement made between the parties that *Sands* should not be called on " for the present," and it is most manifest that no legal principles could be found to sustain the action. In the circumstances of this case we cannot believe that the above agreement could excuse so long a delay in making the demand; but we need not place our decision merely on this ground. The agreement had respect to the demand on *Sands* exclusively; and the obligation of the plaintiff to give notice to the defendants of the nonpayment by *Sands* remained wholly unaffected by the agreement. They had a right to require of him a strict compliance with legal principles as to the time of giving such notice; and his delay and omission to give such notice are a decisive bar to the action, according to settled law. The other facts in the report are of no importance. The plaintiff must be called.