## MARY MATTHEWSON *v.* THOMAS SPRAGUE.

Notice of non-payment of a note by the maker, not necessary to be given to a surety.

THIS was an action of assumpsit, in which it was set forth in the declaration, that the defendant, on the first day of November, 1826, by his promissory note, for value received, promised to plaintiff to pay her, or order, the sum of seven hundred and sixty-seven dollars and eighty-one cents, at either of the banks in Providence, in twelve months after date, with interest from date ; which said time had expired.   The declaration also set forth, that whereas one Caleb Mosher, on the first day of November, 1826, was indebted to the plaintiff in the sum of seven hundred and sixty-seven dollars and eighty-one cents, and that the plaintiff did then and there, at the special instance and request of him the defendant, agree to forbear and give day of payment to the said Caleb Mosher for the said sum, for the term of twelve months then next following, and did also then and there, at the special instance and request of the defendant, accept of the said Mosher's promissory note for the same sum, wherein and whereby he, the said Mosher, for value received, promised the plaintiff to pay her, or order, the aforesaid sum, in twelve months after date, at either of the banks in Providence, with interest ; on the back of which said note he, the defendant, on the same day, by his indorsement on the back of said note in writing by him signed, guaranteed to the plaintiff the payment of said sum of money mentioned in said note, according to the tenor

and effect thereof. The plaintiff averred that the said Mo-
sher did not pay said sum of money in the note mentioned,
or any part thereof, on the day when said note fell due ; and
by reason of which promises he, the defendant, became lia-
ble, and being so liable, promised to pay the plaintiff accord-
ingly. The declaration contained other counts to the same
effect, and also a count for money had and received.

Plea, the general issue. The question was whether the
defendant was liable as surety. *Per curiam.* A person is,
by the law of this state, a surety on a note, who, at the time
of the signing of the same by the maker, puts his name on
the back of the same in blank. Notice of non-payment by
the maker is not requisite to make such a surety liable. In this
case notice is not requisite unless by some general usage,
which enters into and forms a part of the contract. The
question whether banks have an usage to notify such securi-
ties, need not be determined by the jury, as such an usage
can affect only notes which are in bank, and after they are
left.

The only question is, whether there exists any general
usage in Providence, known to the plaintiff, which makes it
necessary for the holder of a note payable at bank, to lodge
it in bank before it is due, or demand payment thereof at
bank, in order to make the note valid, as against the maker
or surety. If there exists such usage known and assented to
by the plaintiff, then find for the defendant ; if not, find
for the plaintiff.