Dewey, J.
Wells sued Jackson in debt. The first count of the declaration alleges that the defendant made his writing obligatory, and thereby bound himself to pay the plaintiff $10,000. The second count states that the defendant made his “certain instrument in writing,” whereby he promised to pay the plaintiff the same amount. The third count sets out a writing obligatory executed by one Ferris Pell to the plaintiff for $10,000, and then avers that the defendant placed his name upon this instrument, and ^delivered it thus indorsed to the plaintiff. The defendant *44 craved oyer of the writing obligatory mentioned in the first count, and of the condition thereto annexed. The writing obligatory, given in oyer, Ayas a bqnd executed by Ferris Fell in the penalty of $10,000, conditioned for the payment of $5,000 by him to the plaintiff. The defendant demurred generally to the first count. He also craved oyer of the bond described in the third count, and of its condition. The instrument exhibited on this occasion was, in all respects, like that just mentioned, except that it was indorsed, in the order here stated, by Ed. H. Lytle, Francis D. Swords, and the defendant. General demurrer to the third count. To the second count the defendant pleaded the general issue. The Court sustained both demurrers. On the trial of the issue of fact formed upon the second count, the plaintiff offered in evidence the same writing obligatory, with its indorsements, which had been given in oyer on the demurrer to the third count. The defendant objecting to its admissibility, the Court rejected it. Judgment for the defendant.
That the demurrer to the first count was correctly sustained admits of no doubt. The bond which was given in oyer on that count was executed by Ferris Pell. No indorsement appearing upon it, there was nothing to show that the defendant had any connection whatever with the obligation.
The bond of Pell, together with its indorsements, becoming, in consequence of the oyer, a part of the third count, the demurrer to that count raises the question, what is the legal effect of a blank indorsement of negotiable paper, by a third person, while the instrument remains in the hands of the payee? •
We shall confine our attention to the question of the liability arising from such an indorsement without inquiring whether this count is, in other respects, defective or not.
The plaintiff contends, the person indorsing is responsible as an original promiser according to the tenor of the indorsed contract.' He has cited several .decisions by the Supreme Court of Massachusetts in support of this position. And it must be admitted, that those decisions do establish the *45 * doctrine, that a blank indorsement by a third person of unnegotiable paper, or negotiable paper which has not been transferred by the payee, does, prima facie, render the person so indorsing liable on the original contract as a surety thereto, in the same manner as if his name had been upon the face of the instrument; provided the indorsement be made at the date of the contract. But this presumption is liable to be rebutted by proof that the indorser designed i> become collaterally bound only, and gave no authority to charge him in any other manner; Josselyn v. Ames, 3 Mass., 274; Carver v. Warren, 5 Mass., 545; White v. Howland, 9 Mass., 314; Moies v. Bird, 11 Mass., 436; Baker v. Briggs, 8 Pick., 122. In New Torh a somewhat different principle prevails. It has been held by the Courts of that State, that .such an indorsement as the one under consideration, if made upon negotiable paper, does not of itself render the indorser primarily liable; but that the presumption is, that he indorsed with the expectation of looking for indemnity to the responsibility of both the maker and the payee as the first indorser. But that, nevertheless, he may be rendered liable as an original undertaker or surety, provided it be shown by proof, that his object was to give the maker of the note credit with the payee. In which case, an authority would be conferred upon the latter to hold the indorser primarily liable; as much so, as if he had signed the body of the instrument. Herrick v. Carman, 12 Johns., 159; Nelson v. Dubois, 13 Johns., 175; Campbell v. Butler, 14 Johns., 349; Tillman v. Wheeler, 17 Johns., 326. In England, it seems to be settled that the indorser of a note, not negotiable, may be held liable as the maker of a new note, if the necessary stamp be affixed to the indorsement. Plimbley v. Westley, 2 Bingh., N. C., 249. But if the note be negotiable, the payee can not sustain an action against the person who has indorsed it, as the maker. His liability is collateral. Gwinnell v. Herbert, 5 Adol. & Ellis, 436.
The deduction which we draw from these authorities is, that the blank indorsement of unnegotiable paper, made at the date of the contract, and unexplained by extrinsic testi *46 mony, confers upon' the payee the authority to hold the Endorser liable on the original contract, as a surety; and that a similar unexplained indorsement of negotiable paper renders the indorser liable only as indorser, with the ordinary rights and privileges incident to that character. But that in either case, the liability designed to be assumed, and the authority intended to be given by the indorsement, may be explained by the attendant circumstances, and the prima facie responsibility be changed into .one of another, kind. And this appears to us to be also the common sense view of the subject.
The bond described in the third count, and given on oyer, is, by the law of this State, transferable from hand to hand by indorsement, and therefore bears, in this respect, the character of mercantile paper. The defendant is the last of three indorsers, and must be presumed, agreeably to the principles laid down, to have placed his name upon the bond in the character of an ordinary indorser, looking to the responsibility of those whose names precede his, including the payee and maker. As the count under consideration attempts to hold the defendant primarily liable, it is defective; and the demurrer to it was correctly sustained.
The Circuit Court, however, erred in excluding the bond with its indorsements, as evidence under the issue of fact formed upon the second count. That count charges, that the defendant made his “certain instrument in writing” and thereby promised, &c. Although the defendant’s indorsement may not, of itself, be sufficient to charge him with the payment of the money according to the tenor of the bond, yet as the plaintiff had a right to show, by explanatory circumstances, the liability really assumed by the defendant, the bond and indorsements became a necessary link in the chain of evidence, and should not have been excluded.
The declaration contains three other counts, founded upon a second bond, similar to those which we have stated, and upon which similar proceedings were had. The fifth count corresponds with the second.
B. A. Loakwood and JD. Mace, for the plaintiff.
J. Pettit, for the defendant.
*Per Curiam.—The judgment is reversed with costs. Cause remanded, &e.