*Nov. Term, 1843.*

EARLY
v.
FOSTER.

*R. S. Cox* and *P. A. Hackleman*, for the defendant.

---

EARLY *v.* FOSTER and Another.

An indorsement in blank by a third person of a promissory note, negotiable, &c., made at the date of the note, does not, of itself, render the indorser liable, as a maker, to the payee.

But as the indorsement may be made under such circumstances as to render him so liable, a note thus indorsed is admissible evidence in a suit by the payee against such indorser and the maker, as joint makers, as a link in the chain of the plaintiff's evidence.

ERROR to the *La Porte* Circuit Court.

*Thursday, January 4, 1844.*

DEWEY, J.—This was an action of assumpsit by *Early* against *Foster* and *Wells.* The first count of the declaration sets out a negotiable promissory note made by *Foster* to the plaintiff, and indorsed at its date in blank by *Wells;* and lays a joint promise by *Foster* and *Wells* to pay the plaintiff "the amount of the note according to its tenor and effect." The second count is on a joint negotiable promissory note made by *Foster* and *Wells* to the plaintiff. There are other counts in the declaration which need not be stated. The defendants demurred generally to the first count, and pleaded the general issue to the others. The Court sustained the demurrer, and on the trial of the issues of fact rendered a judgment for the defendants. The plaintiff offered in evidence, under the second count, a negotiable promissory note made by *Foster*

Nov. Term, 1843.

THE PRES. AND TRUSTEES OF THE TOWN OF FORT WAYNE v. JACKSON.

to the plaintiff, and indorsed by *Wells*, which corresponded in date, amount, and in the time and place of payment, with that described in the second count. Its admission being objected to by the defendants, it was rejected.

The demurrer to the first count was correctly sustained. That count contained no cause of action against *Wells*, whose mere unexplained indorsement of the note, made at its date, did not render him primarily liable, as a joint maker, to the payee; *Wells v. Jackson*, 6 Blackf. 40; and he is not shown to be responsible as an indorser, so as to render him jointly liable with the maker, under the statute.

But the Court erred in rejecting the note which the plaintiff offered in evidence under the second count. That count was founded on a joint promissory note made by *Foster* and *Wells* to the plaintiff. Though the indorsement of the note by *Wells* did not, of itself, render him liable as a maker, yet he may have indorsed it under such circumstances as showed his intention to have been to assume a joint primary responsibility with *Foster*. The plaintiff had a right to show that such was the fact; and to enable him to do so, the note was a necessary link in the chain of his evidence. *Wells v. Jackson*, before cited.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. W. Chapman*, for the plaintiff.

*J. B. Niles*, for the defendants.

