## HENRY J. DUBOIS *vs.* JAMES B. MASON.

Bristol. Oct. 25, 1878. — June 26, 1879. ENDICOTT & LORD, JJ., absent.

By the common law of this Commonwealth, one who puts his name on the back
of a promissory note payable to the maker or order, before it is negotiated and
before it is indorsed by the maker, is an indorser, and not a joint maker, if when
negotiated the maker's name appears first on the back of the note; and there
is nothing in the cases of *Matthewson* v. *Sprague*, 1 R. I. 8, and *Perkins* v. *Barstow,*
6 R. I. 505, to show that the law is otherwise in Rhode Island.

CONTRACT against the defendant, as a joint and several promisor, upon the following promissory note, signed by William H. Shurtleff: "$500. Providence, R. I. September 27, 1875. One month after date I promise to pay to the order of myself five hundred dollars." On the back of the note was the name of Shurtleff, followed by that of the defendant.

Trial in the Superior Court, before *Gardner*, J., who reported the case for the determination of this court in substance as follows:

The defendant signed his name upon the back of the note, after it was signed upon the face, but before it was negotiated, and before Shurtleff signed his name upon the back. The note was made in Rhode Island, and was payable there; and the plaintiff contended that, by the law of that State, the defendant, on the above facts, was a joint and several promisor with Shurtleff, and put in evidence of such law the cases of *Matthewson* v. *Sprague*, 1 R. I. 8, and *Perkins* v. *Barstow*, 6 R. I. 505. The judge ruled that, on this evidence, the defendant was not liable; and directed a verdict for the defendant. If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial to be ordered.

*H. J. Dubois*, for the plaintiff.

*C. A. Reed*, for the defendant.

COLT, J. The note in suit was made in Rhode Island, and it is contended that by the law of that state the defendant is liable as a joint promisor with Shurtleff. Two decisions only of the Supreme Court of that State, *Matthewson* v. *Sprague*, 1 R. I. 8, and *Perkins* v. *Barstow*, 6 R. I. 505, were produced as evidence of the law there. Neither of these cases supports the plaintiff's

claim; on the contrary, they state the law, so far as they go, in entire conformity with the law of this Commonwealth in like cases. It is well settled by the decisions of this court, that the defendant was not a joint promisor or maker. A promissory note payable to the order of the maker, and by him indorsed, is in legal effect a note payable to bearer. It may be transferred by indorsement, as well as by delivery. An indorser of such a note is entitled to demand and notice, and does not come within that limited class of cases where one who is neither maker nor payee, and who puts his name on the back of a note before it is negotiated, has been held as joint promisor. *Bigelow* v. *Colton*, 13 Gray, 309.

The liability of a party whose name appears on the back of a negotiable note is determined by the position of his signature with reference to other parties, at the time when the note first takes effect by delivery. When a note is payable to the maker's own order, it can take effect only when indorsed and delivered by him. The fact that the defendant put his name on the back of the note before it was indorsed by Shurtleff does not make him a joint promisor, because he then knew that it must be indorsed by the maker before it could be negotiated, and the implication is that he intended to be liable only as indorser. *Clapp* v. *Rice*, 13 Gray, 403. See now also St. 1874, *c.* 404.

In the absence of any evidence, the presumption is that the law applicable to this case is the same in Rhode Island as here. *Wood* v. *Corl*, 4 Met. 203. *Cribbs* v. *Adams*, 13 Gray, 597. The ruling that the defendant was not liable as maker was therefore right.                              *Judgment on the verdict.*