# PROVIDENCE COUNTY.

———◆———

### Alzaman Sawyer *vs.* Dexter L. Brownell *et als.*

A. made a promissory note payable on demand with interest to the order of B. It was indorsed by B. and then by C. ; B. and C. affixing their names for the accommodation of A. and to enable A. to borrow money from the plaintiff on the note:

*Held*, that C. was liable as an indorser, not as a joint maker, and was entitled to due notice of dishonor.

*Held*, further, that C.'s liability was not varied by the fact that the note was payable on demand with interest.

Assumpsit. Heard by the court, jury trial being waived.

*October* 30, 1880. Durfee, C. J. This is *assumpsit* on a promissory note signed by D. L. Brownell, payable on demand, with interest at seven per cent. per annum, to the order of Stephen Brownell, indorsed by Stephen Brownell, and subsequently indorsed under Stephen Brownell's name by Seba Carpenter. The

action is against the two Brownells and Carpenter jointly under the statute; Pub. Laws R. I. cap. 563, § 2, of April 20, 1876. The two Brownells make no defence; Carpenter defends on the ground that he did not receive timely notice of the dishonor of the note to charge him as indorser. It appears that the note was indorsed by both Stephen Brownell and Seba Carpenter for the accommodation of D. L. Brownell, to enable D. L. Brownell to borrow money on it from the plaintiff, and that D. L. Brownell used it for that purpose. The plaintiff introduced testimony against objection for the purpose of showing that Carpenter had no particular design in indorsing his name under that of Stephen Brownell, and that he would as readily have indorsed above him, his only purpose being to give credit to the paper for the benefit of D. L. Brownell. The object was to bring the case within the rule laid down in *Mathewson* v. *Sprague*, 1 R. I. 8, and reaffirmed in several later cases, for which see *Carpenter* v. *McLaughlin*, 12 R. I. 270, that one who indorses a note payable to another before its issue, is liable to the payee as a joint maker, and is therefore not entitled to notice. We need not decide whether the testimony is admissible, for, admitting it, we do not think it shows that Carpenter did not designedly indorse his name under that of Stephen Brownell with intent to become a second accommodation indorser, and to secure to himself the privileges of such an indorser. The form of the contract must at least *primâ facie* determine its construction. The case therefore does not fall under *Mathewson* v. *Sprague*, for in that case, as in the cases which reaffirm it, the note issued directly to the payee and had the name on the back when it issued to him, so that there was no ground for any claim on the part of the person who signed it on the back that he so signed it only as an accommodation indorser. The case presents simply the question whether an accommodation indorser on a note like that in suit is entitled to the usual notice of dishonor. That an accommodation indorser is ordinarily entitled to such notice is, we suppose, beyond question, and if in the case at bar there is any doubt, it is because the note is payable on demand with interest instead of being an ordinary time note. We think, however, the precedents show that this is not a circumstance which varies the right of the indorser. *Smith* v. *Becket*, 13 East, 187; *Rice*

v. *Wesson*, 11 Met. 400 ; *Lockwood* v. *Crawford*, 18 Conn. 361 ; *Perry* v. *Green*, 19 N. J. Law, 61 ; *Lord* v. *Chadbourne*, 8 Me. 198 ; Daniel on Negotiable Instruments, § 707 ; 1 Parsons on Notes and Bills, 555 *et sq.* See, also, on the subject generally, *Howe* v. *Merrill*, 5 Cush. 80 ; *Vore* v. *Hurst*, 13 Ind. 551 ; *Bigelow* v. *Colton*, 13 Gray; 309 ; *Clapp et al.* v. *Rice et als.* 13 Gray, 403 ; *Dubois* v. *Mason*, 127 Mass. 37 ; *Good* v. *Martin*, 5 Otto, 90. We must, therefore, give the defendant Carpenter, inasmuch as there is no claim that he had the usual notice, judgment for his costs.

*Perce & Hallett*, for plaintiff.

*Colwell & Colt*, for defendant Carpenter.

NOTE. — For an analysis of the American cases on the matter considered in the foregoing opinion, see American Law Register N. S. vol. 20, p. 331, issue of May, 1881.