WILLIAM K. STEVENS *vs.* ISAAC H. PARSONS.

Cumberland. Opinion April 5, 1888.

*Promissory note. Joint promisor.*

A note was made payable to the order of the maker and endorsed by him on the back to the order of the plaintiff, and the defendant also signed the endorsement, before the delivery to the plaintiff. *Held,* that the defendant is an original promisor.

ON report from the superior court.

*Frank W. Robinson,* for the plaintiff, cited: *Sweet* v. *McAllister,* 4 Allen, 353; *Lord* v. *Moody,* 41 Maine, 127; Stephen, Pl. (Tyler's ed.) 341; *Smalley* v. *Wight,* 44 Maine, 446; *Little* v. *Rogers,* 1 Met. 108; *Flight* v. *MacLean,* 16 Mees. & W. 51; *Wood* v. *Mytton,* 10 Q. B. 805; *Masters* v. *Baretto,* 8 C. B. 433; *Brown* v. *De Winton,* 6 C. B. 336; *Gay* v. *Lander,* 6 C. B. 336; *Hooper* v. *Williams,* 2 Exch. 13; *Absolon* v. *Marks,* 11 Q. B. N. S. 19; 2 Chitty, Pl. (16th Am. ed.) 221, note *f*; Daniels, Neg. Inst. § 130, note 4; 1 Parsons, N. & B. 17 *et seq.*; Byles, Bills, (ed. 1856, Sharswood's notes) 65; *Scull* v. *Edwards,* 13 Ark. 24; *Colburn* v. *Averill,* 30 Maine, 310; *Irish* v. *Cutter,* 31 Maine, 536; *Adams* v. *Hardy,* 32 Maine, 339; *Malbon* v. *Southard,* 36 Maine, 147; *Leonard* v. *Wildes,* 36 Maine, 265; *Lowell* v. *Gage,* 38 Maine, 35; *Childs* v. *Wyman,* 44 Maine, 433; *Brett* v. *Marston,* 45 Maine, 401; *Woodman* v. *Boothby,* 66 Maine, 389; *Sturtevant* v. *Randall,* 53 Maine, 155; *Carver* v. *Hayes,* 47 Maine, 257; *Coolidge* v. *Wiggin,* 62 Maine, 570.

*L. M. Webb,* for defendant.

The plaintiff claims to hold the defendant, as joint and several

promisor, under numerous decisions of the court in this state, that "when one not the payee writes his name in blank upon the back of a promissory note at its inception, he will be liable as a joint promisor." See *Colburn* v. *Averill*, 30 Maine, 310, and cases cited in plaintiff's brief.

But it is expressly decided that if affixed after indorsement by payee the party will be treated as a subsequent indorser. *Colburn* v. *Averill*, 30 Maine, 310.

It has been expressly decided that one who puts his name before delivery on the back of a promissory note payable to the maker or order, and indorsed by the maker is an indorser and not a joint maker. *Bigelow* v. *Colton*, 13 Gray, 309.

To same effect is *Clapp et al.* v. *Rice et al.* 13 Gray, 403; *Dubois* v. *Mason,* 127 Mass. 37.

Defendant claims that the cases cited above from the Massachusetts reports are not distinguishable from this case and are decisive of it, viz. : *Bigelow* v. *Colton*, 13 Gray, 309; *Clapp et al.* v. *Rice et al.* 13 Gray, 403; *Dubois* v. *Mason*, 127 Mass. 37; Parsons on Notes and Bills, Vol. 2, p. 122.

" The only reason for which a transferee can in ordinary cases desire that the indorsement should be in full, is to guard against loss by accident or theft." Parsons on Notes and Bills, Vol. 2, p. 20.

LIBBEY, J.   The only question in this case is whether the defendant is an original promisor or an endorser of the note declared on.   The note upon its face and back is as follows :

"Portland, Aug. 1, 1879.

Twelve months after date I promise to pay to the order of myself two hundred dollars, at my office, Portland, Maine, with interest, value received."

Signed,          " C. A. Parsons."

On the back, " Pay to the order of W. K. Stevens."

Signed,          " C. A. Parsons."
"           " I. H. Parsons."

In addition to what appears on the note the parties agree, " that the above endorsements are in the same order, form and

condition, in all respects, in which they were made at the inception of the note, and that said note was delivered to the plaintiff at or about the day of its date for a good and sufficient consideration."

A promissory note made payable to the order of the maker has no payee and is not a valid contract till endorsed by the maker and negotiated to some one as payee. *Smalley* v. *Wight*, 44 Maine, 442 ; *Little* v. *Rogers*, 1 Met. 108.

The endorsement may be in blank or special to some one named. If in blank it becomes a note payable to bearer. If special, the one named becomes the payee. In the first case it passes to the taker by delivery, or by the endorsement of the bearer ; in the second case it can be transferred only by the endorsement of the payee named. *Little* v. *Rogers*, 1 Met. 108 ; *Masters* v. *Barretto*, 8 C. B. 433 ; *Brown* v. *De Winton*, 6 C. B. 336 ; *Gay* v. *Lander*, 6 C. B. 336 ; *Hooper* v. *Williams*, 2 Ex. 13 ; *Absalon* v. *Marks*, 11 Q. B. 19.

The same person cannot be payor and payee of a promissory note, nor can he be maker and endorser in legal sense of the word. By his formal endorsement the maker merely designates the payee. It is the equivalent of filling up a blank left for the purpose in the face of the note.

The nature of the obligation which one whose name is on the note assumes to the taker of it, must be determined by the note itself as it was when negotiated. *Bigelow* v. *Colton*, 13 Gray, 309 ; *Clapp* v. *Rice*, 13 Gray, 403 ; *Dubois* v. *Mason*, 127 Mass. 37.

It is the well settled law of this state that one not appearing to be a party to a note, as payee or endorsee, who puts his name on the back of it in blank at its inception and before negotiated, is a joint and several promisor. But if the note is payable to bearer, a different rule prevails. In such case one who puts his name on the back of the note must be held to be the bearer and endorser. This is the legal construction of the contract, and it cannot be varied by parol. *Bigelow* v. *Colton*, *Clapp* v. *Rice*, and *Dubois* v. *Mason*, *supra*.

Applying these rules of law to the case at bar, it appears that the defendant, when he put his name upon the back of the note, was neither payee nor endorsee. The endorsement of the maker designated the plaintiff as payee. By an inspection of the note when he took it, the plaintiff must have understood that the defendant was a co-promisor, as that was his relation to the note by the law of this state.

In support of his contention the defendant relies on *Bigelow* v. *Colton*, *Clapp* v. *Rice*, and *Dubois* v. *Mason*, *supra*, and claims that by the authority of those cases he is endorser only. But in all those cases the endorsement by the maker was in blank, making the notes payable to bearer, and they hold merely that the defendant whose name appeared on the back of the note under that of the maker when the note was taken by the plaintiff, must be held to be the bearer, and consequently an endorser. They are not authorities against the plaintiff's contention.

We think it clear that by the law of this state the defendant is an original promisor, and is properly declared against as such.

*Judgment for plaintiff.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.