July Term, 1820.

M'CARTY
v.
RHEA.

(1) Where, as in the text, damages are the principal object of the action, if the jury find for the plaintiff, they must also assess the damages. Their omission to do so cannot be supplied by a writ of inquiry. In this respect the law is the same, whether the issue be joined upon a plea in abatement, or in bar. The judgment is peremptory, *quod recuperet;* and if the jury, finding for the plaintiff, do not assess the damages, a *venire de novo* must be awarded. *Eichorn* v. *Le'maitre,* 2 Wils. 367.—2 Will Saund. 211, note 3.—*Clement* v. *Lewis,* 3 Brod. and Bingh. 297.

If to a plea in abatement, or to a replication to such plea, there is a demurrer, and the plaintiff succeeds, the judgment is only interlocutory, *quod respondeat ouster.* *Bowen* v. *Shapcott* East, 542.

---

## M'CARTY v. RHEA, in Error.

HELD, that an assignee of a promissory note cannot sue a remote assignor, where the note assigned is not governed by the law of merchants. *Mandeville* v. *Riddle,* 1 Cranch, 290.—*Drake* v. *Johnson,* Hardin, 213 (1).

*Held,* also, that where there is a demurrer to the whole declaration containing several counts, one of which is good, the plaintiff is entitled to judgment. 1 Chitt. Plead. 643 (2).

Saturday,
July 15.

(1) *Jones* v. *Wood,* 3 Marsh. Ky. Rep. 162. The assignee of a promissory note in *Va.,* may recover the amount from a remote assignor, in equity, though

July Term, 1820.

(2) *Mumford* v. *Fitzhugh*, 18 Johns. Rep. 457. So where there is but one count, and part is good and part bad, and the matters divisible; or several breaches in covenant, some well assigned, others not; if the defendant demur generally to the whole, the plaintiff will have judgment. *Duppa* v. *Mayo*, 1 Will. Saund. 286, and note 9 —*Pinkney* v. The Inhabitants of *Rutland*, 2 Will. Saund. 379, and note 14.—*Powdick* v. *Lyon*, 11 East, 565.—1 Chitt. Plead. 643.—*Amory* v. *Brodrick*, 5 Barnew. and Ald. 712.—*Martin* v. *Williams*, 13 Johns. Rep. 264.