### LYNN *v.* JETER.

*A.*, an indorsee of a sealed note for the payment of 1,000 dollars, indorsed it in blank to *B.*, who, without indorsing the note, delivered it to *C.*, and the latter sold it to *D.* without indorsing it. *D.* sued *A.* as indorser, an indorsement in full to the plaintiff being written over the defendant's name. *Held*, that, supposing the plaintiff could only recover the amount the defendant had received from *B.* for the note, (of which, however, no opinion was given,) still a statement made by *B.* whilst he held the note, that he had paid for it only 650 dollars, could not be proved by the defendant; *B.* himself being a competent witness in the cause.

*Thursday, December 5.*

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by *Jeter* against *Lynn* on the assignment of a sealed note. The note was for 1,000 dollars, and payable five years after date. Plea, the general issue. The cause was submitted to the Court, and judgment rendered in favour of the plaintiff for 1,072 dollars and costs.

It appears that the note was made by one *Lowe* to *Jesse York*, indorsed by the latter to one *Shoup*, and by *Shoup* to the defendant, the indorsements being in full; that, afterwards, the defendant indorsed the note in blank, and delivered it to one *Barwick;* that the latter, without indorsing it, delivered it to one *Brown ;* and that *Brown*, without indorsing it, sold and delivered it to the plaintiff. It further appears that, at the trial, an indorsement in full to the plaintiff was written by him on the note over the defendant's name; that the maker of the note was, at the time it became due, and afterwards, notoriously insolvent. After proof of the

above facts, the defendant offered to prove that *Barwick*, whilst he was the *bona fide* holder of the note under said blank indorsement, had said that he had given only 650 dollars for the note ; which evidence was objected to and the objection sustained.

Supposing the plaintiff could only recover in this suit the amount which the defendant received from *Barwick* for the note, of which, however, we give no opinion, still the evidence was inadmissible. It was objectionable on the ground that it was not the best evidence on the subject. *Barwick* himself was a competent witness, and should have been sworn. He could have no interest in reducing the amount to be recovered by the plaintiff against the defendant. His interest, if he had any, was the other way.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman* and *P. L. Spooner*, for the plaintiff.

*G. Holland*, for the defendant.