EWING *v.* SILLS.

When the date of the assignment is not given, it is presumed to be the same as the date of the note.

If the indorsee sue the maker, and fail on the plea of *non est factum*, the indorser is not bound by this judgment if notice was not given him of the pendency of the suit.

The indorsee, in order to recover the costs of the suit against the maker, in such case, is bound to prove, by other evidence than the record, that the suit against the maker was rightly decided. The record, in that case, is no more, at least, than *prima facie* evidence of that fact.

In an action by the indorsee against the indorsers, the misjoinder of immediate and remote indorsers is fatal at any stage of the suit.

ERROR to the *Delaware* Circuit Court.

PERKINS, J.—*Daniel Sills* commenced a suit before a justice of the peace of *Delaware* county, upon the following cause of action, and against the persons named in it:

"*John C. Williams, George W. Ewing, George B. Walker,* and *William Ewing,* to *Daniel Sills,* debtor:

"To amount of promissory note, drawn by *Coleman Sanders,* payable to the said *George W. Ewing, George B. Walker,* and *William Ewing,* by the description of *Ewing, Walker,* and *Co.,* which note was afterwards, by said payees, assigned to the said *John C. Williams,* and afterwards by him to the said *Daniel Sills,* .......................... $50 00

"Interest on the same, ..................... 15 00

"Costs of suit before a justice of the peace, and in the *Delaware* Circuit Court on appeal against said *Coleman Sanders,* the maker of said note, who was, by the said Circuit Court, acquitted and discharged from the payment of said note, upon the plea of *non est factum,* the above defendants having had due notice of said trials and defence, ...... 44 00

"$109 00

"*Daniel Sills.*"

Process was served on *William Ewing,* and returned,

not found as to the other defendants. *Ewing* appeared by attorney, and moved a dismission of the suit, but his motion was overruled, the cause brought to trial, and a judgment rendered for the plaintiff. An appeal was taken to the Circuit Court, where the judgment of the justice was affirmed.

It is objected that the sum sued for was beyond the magistrate's jurisdiction. It is said that, when the assignee sues the assignor of a promissory note, the foundation of his claim is the amount paid by the former to the latter on the assignment; and that if the principal and interest added at the time of the assignment exceed a hundred dollars, then, in a suit on such assignment, a magistrate can take no jurisdiction. Whether this position is correct or not, in the abstract, need not now be decided, as it cannot be made to affect this case. Here, the date of the assignment is not given, and we must presume it the same as the date of the note. The interest, therefore, accrued to the holder and not to the payee, and the original consideration, as between the parties to this suit, must be presumed to be but fifty dollars, the face of the note.

It is further objected, that the Circuit Court erred in including the costs of the former suit against the maker of the note, in the judgment in this, because it was not shown that the indorsers had notice of that suit. If the right of the plaintiff to recover those costs, in the suit against the indorsers, depended solely upon the question of such notice, the objection if true in point of fact, would be good. But it did not so depend. His right to recover, then, turned upon the question, whether he had been unable, by due diligence, to collect the note with costs of suit, from the maker, and if, in the suit against the maker, *non est factum* was pleaded by him, and the issue thereon found in his favor, no notice having been given of the suit to the indorsers, the consequence followed, that, in this suit against them, the plaintiff was bound to prove that the suit against the maker was rightly decided, by other evidence than the record of that suit,

it being, in such case, no more, at least, than *prima facie* evidence of the fact. See *Howell* v. *Wilson*, 2 Blackf. 418. That may have been done in this case. The record does not purport to contain all the evidence.

The decision below, in this case, however, cannot be sustained. The note, an assignment of which constitutes the foundation of the plaintiff's right to recover, appears not to have been negotiable, as by the law merchant, under our statute, s. 17, p. 577, R. S., and, therefore, was not within s. 157, p. 697, of the same statutes, permitting a joint suit against all the parties liable on it.

This being the case, the assignee could not, at law, sue a remote indorser. *McCarty* v. *Rhea*, 1 Blackf. 55; *Dorsey* v. *Hadlock*, 7 id. 113. This suit is against the immediate and remote indorsers jointly. It is a misjoinder, fatal at any stage of the suit.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Kilgore*, for the plaintiff.

*W. March*, for the defendant.