May Term,
1853.

Bowers
v.
Headen.

Monday,
November 28.

*S. Judah*, for the state.

(1) ROACHE, J., was absent.

---

## BOWERS v. HEADEN.

Where the assignor of a note fills up the assignment with the name of the assignee, he thereby designates the person to whom he is liable.

But where he merely writes his name upon it, he agrees that the blank may be filled up by any *bona fide* holder, that the person whose name is filled in shall be his immediate indorsee, and that he will be liable to him as such.

Where the indorsement remains blank, the note may be passed by mere delivery.

These rules prevail in the assignment of notes under the R. S. 1843, as well as in assignments under the law-merchant.

Where there are intermediate full indorsements, the indorsee cannot, in his own name, sue a remote indorser at law.

Under the R. S. 1843, a promissory note in the form of a due bill, is negotiable.

Such a note when sold may be indorsed in full or in blank.

In a suit upon the assignment of a promissory note indorsed in blank, evidence that when it was indorsed the assignor told the person to whom it was delivered, *that he need not sue the maker as he was poor—that he, the assignor, would see it paid,* is not admissible.

Where, without reference to improper evidence admitted, the proof sustains the finding of the Court, the judgment will not be reversed.

ERROR to the *Parke* Circuit Court.

DAVISON, J.—*Headen* sued *Bowers* before a justice of the peace, upon the assignment of a note. The note was for the payment of 32 dollars and 84 cents, and in the form of a common due bill. It was given on the 12th of *April*, 1844, by one *Briggs* to *Bowers*, and by him indorsed in blank to one *Wright*, who, sometime in the year 1844, sold and delivered it, without assignment, to *Headen*. Just before this suit was instituted, the indorsement was filled up with the name of *Headen*.

May Term,
1853.

BOWERS
v.
HEADEN.

Monday,
November 28.

The justice gave judgment against *Bowers* for the amount of the note and interest, and he appealed.

In the Circuit Court, *Bowers* filed a plea of non assumpsit, verified by oath. The cause was submitted to the Court by consent. The Court found for the plaintiff. There was a motion for a new new trial overruled, and judgment on the finding of the Court.

The record presents this question: Did the filling up of the blank vest the legal title to the note in *Headen*, and make him the immediate indorsee of *Bowers?* The point thus raised makes it necessary to determine what is the effect of a blank indorsement.

Where the assignor fills up the assignment with the name of the individual to whom he sells the note, he thereby designates the person to whom he is liable. But should he simply write his name upon it, he agrees that the blank may be filled up by any *bona fide* holder; that the person whose name is filled in shall be his immediate indorsee; and that he will be liable to him as such. This is obviously the true construction of full and blank indorsements under the *lex mercatoria*. And it seems to us that the same rule must govern assignments under our statute. *Nelson* v. *Dubois*, 13 Johns. R. 175.—*Manson* v. *Durham*, 3 Hill 584.—*Lynn v. Jeter*, 7 Blackf. 300.—*Lovel* v. *Evertson*, 11 Johns. R. 52. The case last cited was a suit upon a non-negotiable note, and shows that when a blank indorsement is filled, the person whose name is put in becomes the immediate indorsee of the indorser.

By our statute, notes like the one in suit are negotiable.

R. S. 1843, c. 31, s. 6. When sold they may be indorsed in full or in blank. It is true, their negotable quality is, to some extent, restricted; but none of these restrictions vary the effect of an indorsement as understood by the law-merchant. The rule is, that while the indorsement continues blank, the note may be passed by mere delivery, and it is competent for any holder to fill up the blank with his own name. There is nothing in the letter or spirit of the act referred to in conflict with that rule.

It is insisted that this suit cannot be sustained on the ground that there is no privity of contract between the assignor of the note and the present holder—that at most he is a remote indorsee, and his remedy, if he has any, was in equity. This is answered by stating the fact that the indorser merely wrote his name on the note, and thereby agreed that he would admit his liability to any *bona fide* holder who should please to fill up the blank with an assignment to himself. Where, however, there are intermediate full indorsements, the indorsee cannot, in his own name, sue a remote indorser at law.

We think that this suit was properly brought in the name of *Headen*. He was, no doubt, the legal owner of the note, and must be considered the indorsee of *Bowers*.

Upon the trial, *Wright* (to whom the note was, in the first instance, delivered,) was called by the plaintiff. He testified, *inter alia*, that when it was indorsed, *Bowers* told him that " he need not sue the maker, as he was poor— that he, *Bowers*, would see it paid." This testimony was admitted over the defendant's objection. In this, we think, the Court erred. The indorsement was, in legal effect, a written contract. It could not be varied or controlled by a verbal cotemporaneous agreement. *Odam* v. *Beard*, 1 Blackf. 191.—*Wilson* v. *Black*, 6 *id*. 509. This evidence tends to set up such an agreement. In effect, it makes the assignor liable, whether due diligence was or was not used to obtain the money from the maker of the note. This was not in accordance with his written engagement, and, therefore, the evidence was objectionable.

Still we do not consider that error of the Court suffi-

cient to reverse the judgment in this case. The evidence is all upon the record. It proves that when the note was assigned, the maker was completely insolvent and continued so up until the trial of the cause. In such case, a suit against him was not required to bind the indorser. *Youse* v. *McCreary*, 2 Blackf. 243. (1) Without reference to the improper testimony, the proof, in our opinion, sustains the finding of the Court. (2)

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*A. Kinney* and *A. L. Roache*, for the plaintiff.

*J. A. Wright*, for the defendant.

Nov. Term, 1853.

WINTON
v.
THE STATE.

4 321
0162 130

(1) The insolvency which dispenses with the necessity of suing the maker of a note, before recourse can be had on the indorsee, means inability of the maker to pay any part of the given debt; and this it is incumbent upon the indorsee to prove in a suit against the indorser. *Herald* v. *Scott*, 2 Ind. R. 55. See, also, *Hardesty* v. *Kinworthy*, 8 Blackf. 304.

(2) ROACHE, J., having been concerned as counsel, was absent.