May Term, 1855.

HARRIS
v.
PIERCE.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. March*, for the plaintiff.

*J. S. Buckles*, for the defendant.

---

### HARRIS *v.* PIERCE.

If *A.* execute a note to *B.*, and *C.* indorse the same, parol evidence is admissible to show that *C.* intended to be held as a surety or a guarantor.

A party can not complain of an instruction which is in his favor.

A surety in a note is liable on the default of the principal, without notice.

The insolvency of the maker of a note renders a notice of non-payment to the guarantor unnecessary.

*Tuesday, May 29.*

ERROR to the *Wayne* Circuit Court.

GOOKINS, J.—Assumpsit by *Pierce* against *Harris*, on a promissory note made by one *Winebrener*, payable to *Pierce*, and indorsed by *Harris*. The declaration contains six counts. The first charges *Harris* as maker of the note; the second, third and fourth allege that *Harris* indorsed his name on the back of the note, and thereby guaranteed its payment, and that *Winebrener*, at the maturity of the note, was and still remained wholly insolvent. The fifth is like the second, third and fourth, with the additional averment of a special demand of payment upon *Winebrener*, four days after the note became due, and notice to *Harris* of its non-payment. Sixth, a common count for goods sold and delivered. Plea, non assumpsit. There was a trial by jury, and a verdict for the plaintiff. Motion for a new trial overruled, and judgment. The record does not contain the evidence.

May Term, 1855.

HARRIS
v.
PIERCE.

The questions presented by this record arise upon instructions to the jury, the third of which was to the following effect: "If the evidence shows that *Harris*, by indorsing his name on the note, intended to become the surety of *Winebrener* to *Pierce*, he is liable in the same manner as if he had signed his name under *Winebrener's*, on the face of the note."

There is no error in this instruction. The effect of a blank indorsement of a note by a third party, was considered by this Court, in the cases of *Wells* v. *Jackson*, 6 Blackf. 40, and *Early* v. *Foster*, 7 *id.* 35. After citing various authorities, the conclusion arrived at in *Wells* v. *Jackson*, was, that such indorsement of paper, not negotiable by the law-merchant, was, unexplained, the undertaking of a surety, and that the indorser was liable jointly with the principal. In *Early* v. *Foster*, the plaintiff declared upon a negotiable note so indorsed, against the maker and indorser as joint makers. A general demurrer to the count was sustained, upon the ground that the unexplained indorsement of mercantile paper, by a third person, must be presumed to be the undertaking of an indorser, with all the rights and incidents of such an undertaking. But in both the cases referred to, it was held that the *prima facie* liability was open to explanation, and that the undertaking might be shown to be in either character.

According to these authorities, it was competent for the plaintiff to show by proof, that *Harris* intended to make himself liable as a surety of *Winebrener*, in the first instance, or that he intended only to guarantee the ultimate payment. We are to presume that there was evidence to which this instruction applied, and it stated the law correctly.

The fourth instruction was to the effect, that if *Harris*, by his indorsement, intended only to guarantee the payment of the note, on the failure of *Winebrener* to pay it, *Harris* would not be liable, unless the plaintiff had demanded payment within a reasonable time after the note became due, or unless *Winebrener* was notoriously insolvent. The first part of this instruction was in favor of

May Term,
1855.

HARRIS
v.
PIERCE.

*Harris*, and he can not complain of it. The only question he can raise upon it, is, whether the insolvency of the maker rendered a notice of the non-payment to the guarantor unnecessary. Upon this point, we think the authorities settle the question in favor of the ruling of the Circuit Court. *Lewis* v. *Brewster*, 2 McLean 21.— 3 Kent's Comm., 123.—*Reynolds* v. *Douglass*, 12 Pet. 497.

The fifth instruction was as follows: "If the jury find from the evidence that *Harris* indorsed the note, intending thereby to sign it as a surety, they should find for the plaintiff." The reasons we have given in support of the third instruction apply equally to this.

The sixth instruction was substantially this: "If *Harris* indorsed the note as a guarantor, and a demand was made of *Winebrener*, and notice of the non-payment given to *Harris*, within a reasonable time after the note became due, or if the maker was then notoriously insolvent, the verdict should be for the plaintiff." This does not differ materially from the fourth instruction. These several instructions informed the jury of the difference in law between the contract of suretyship and that of guaranty. The third and fifth suppose *Harris* to have become liable upon the note as a surety jointly with the principal; the fourth and sixth as a guarantor. If his undertaking was that of a surety, as first supposed, he was liable on the default of his principal, without notice; if that of a guarantor, he was entitled to notice of the default of the principal, unless he was insolvent; but if so, the want of notice could do him no harm, and he was liable without it. There was no error in these instructions.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

O. P. *Morton* and N. H. *Johnson*, for the plaintiff.
J. S. *Newman* and J. P. *Siddall*, for the defendant.