## Hubler and Another *v.* Pullen and Others.

Suit by the assignees against the acceptors of a bill of exchange payable at a bank in *Indiana*. Answer, that the bill was given in consideration of a quantity of pig iron, which was warranted to be of a certain quality; that it was not of the quality warranted; that the assignees knew the consideration of the bill; and that they were agents of the payees of the bill. Demurrer sustained on the ground that by § 81, 2 R. S. p. 44, the law merchant is so changed that no defense can be set up to a bill payable at a bank, against a *mala fide* assignee.

May Term,
1859.

HUBLER
v.
PULLEN.

Saturday,
June 25.

*Held*, 1. That the section referred to simply enacts the rule of the law merchant, and is applicable to *bona fide* assignees.

2. But that the demurrer was correctly sustained, because of the indefiniteness of the answer.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—Suit by the assignees against the acceptors of a bill of exchange payable at a bank in *Indiana*.

Answer, that the bill was given in consideration of the sale of a quantity of pig iron, which was warranted to be of a certain quality; that it was not of the quality warranted; that the assignees knew the consideration of the bill, and further, that they were the agents of the assignors.

Demurrer to this answer sustained, and final judgment for the plaintiffs.

The demurrer was sustained on the ground that § 81, 2 R. S. p. 44, had so changed the law merchant in this state, that no defense could be set up to a note payable at bank, against a *mala fide* assignee.

This ground, we think, was erroneous. We construe the section quoted, as simply enacting the rule of the law merchant, and to be applicable to *bona fide* assignees.

But we think the demurrer was rightly sustained on another ground, viz., indefiniteness of the answer.

The plaintiffs, it must be observed, are the assignees by indorsement, and are thus the legal holders of the bill.

The answer sets up two grounds of defense—

1. That the plaintiffs are the agents of the assignors, the payees of the bill, and, hence, have not the equitable interest.

But this allegation is too vague to defeat the suit on this ground. It does not aver that the plaintiffs are the agents of the payees in the collection of this bill. They may be agents for them in their general business, and this bill may have been assigned to them, nevertheless, for a valuable consideration. They may have purchased it, or taken it in payment for their services.

An answer, to defeat the suit of the legal holder, on the ground of want of interest, must be certain.

2. Another ground of defense is, notice of the true character of the bill.

It does not follow, as will be manifest from what we have said, that the plaintiffs necessarily had this knowledge, simply because they were agents of the payees. And aside from the allegation of that fact, the answer asserts only that they knew that the bill was given for iron sold upon a warranty. It does not aver that they had any knowledge that the iron delivered did not fill the warranty. And, as the bill was assigned before due, we think, not without some hesitation, we admit, that that allegation is not sufficient to show that they were not *bona fide* holders. See *Goddard* v. *Lyman*, 14 Pick. 268, and Byles on Bills, top p. 181, note.

If the indorsees had had notice of the breach, as well as of the warranty, the case would have fallen within *Moses* v. *Mead*, 1 Denio, 378.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*G. A. Wood* and *D. P. Vinton*, for the appellants.