Mix and Others *v.* The State Bank.

A promissory note payable at a bank out of this state is not governed by the law merchant, but a bill of exchange is.

As a general rule, a joint suit cannot be maintained against the maker and assignor of a promissory note not governed by the law merchant; but facts which will excuse a prior suit against the maker before resorting to the assignor, may justify such joint suit.

APPEAL from the *Tippecanoe* Circuit Court.

Perkins, J.—The bank instituted a joint suit against the maker and indorsers of a note, as follows:

"$1,948.                    *Lafayette, Indiana, May* 3, 1856.

"Three months after date, I promise to pay to the order of *Benbridge* and *Mix* and *James Spears,* nineteen hundred and forty-eight dollars, at the *American Exchange Bank, New York City,* without relief from valuation or appraisement laws, for value received.          *James Mix.*

"Pay *State Bank of Indiana,* or order,

"*Benbridge* and *Mix,* and *James Spears.*"

There is no averment in the complaint showing legal diligence in attempting to collect the note of the maker; nor is there any excuse assigned for the failure to use such diligence.

The Court below rendered a joint judgment against all the defendants.

The note sued on was not governed by the law merchant. Foreign and inland bills of exchange are governed by that law, as being a part of the common law. This was established, as to foreign bills, in the fourteenth, and as to inland bills, in the seventeenth century. Chit. on Bills, p. 11.

Promissory notes, in *England,* were put, by the statute of *Anne,* upon the same footing early in the eighteenth century. Chit. *supra,* 518.

That statute is not in force in this state. But we have one, upon the same subject, of a more limited character. It provides that all notes payable at a chartered bank, in

this state, shall be put upon the footing of bills of exchange, that is, be governed by the law merchant. And by the law merchant, where payment of a note or bill has been duly demanded, and notice duly given of failure to pay, the maker and indorsers become at once jointly, as well as severally, liable to the holder. Not so, where the note is not governed by the law merchant. Upon such notes, the indorser is not liable to the holder, or indorsee, till the latter has prosecuted the maker, with due diligence, to judgment and execution, unless an excuse for the failure to take such steps exists; and where an excuse is relied upon, it must be averred in the complaint. This is the requirement of a further statute. See 1 R. S. p. 378; Ind. Dig., p. 200.

Where an excuse for a separate, prior suit against the maker exists; or where any facts exist rendering the indorsers immediately liable to the holder for the whole or a part of the note, as where there has been no consideration for a part of the note, or payment to the assignor of part, in such cases, a joint suit may be instituted, under § 16, 1 R. S. p. 379, against the maker and indorsers of a promissory note not governed by the law merchant; but the complaint must show such facts.

In the case at bar, the note is not governed by the law merchant, and no facts are alleged, in the complaint, showing a liability on the part of the indorsers to the holder, before the termination of separate proceeding, fruitless in whole or in part, against the maker. See *Swift* v. *Ellsworth*, 10 Ind. R. 205; Perk. Pr. 133.

*Per Curiam.*—The complaint shows no cause of action against the indorsers, and, as to them, it must be reversed with the costs made against them; and as to the maker, the judgment is affirmed with costs made against him.

S. A. *Huff* and R. *Jones*, for the appellants.

J. E. *McDonald* and A. L. *Roache*, for the appellee.