SNYDER v. OATMAN and Others.

Notes payable to order, but not at a bank in this State, though negotiable, are not governed by the law merchant as to diligence against makers and rights of defense.

The expression, "*chartered* bank," was inadvertently used in *Mix* v. *The State Bank*, 13 Ind. 521, in stating what notes are put by the statute on the footing of inland bills of exchange.

Where the names of indorsers appear upon a note, without any date, the indorsements will be presumed to have been made at the date of the note.

Where, at the time of the execution of a note not governed by the law merchant, but still negotiable, third persons place their names on the back of it, in the absence of the prior indorsement of the payee, their liability is, *prima facie*, that of indorsers; and there would be no variation in this rule when applied to notes negotiable by the law merchant.

Where indorsers place their names upon the back of a negotiable note at the time of its execution, in the absence of the prior indorsement of the payee, perhaps parol evidence is admissible to rebut their *prima facie* liability as indorsers, and show it to be that of makers; but where the payee first indorses the note, evidence is not admissible to rebut such *prima facie* liability of the subsequent indorsers.

APPEAL from the *Floyd* Circuit Court.

PERKINS, J.—Suit upon a promissory note, reading thus:

*Wednesday, June 5.*

$332.                    *New Albany, Ind., July* 8, 1854.

One year after date, we promise to pay to the order of *Isaac Snyder*, three hundred and thirty-two dollars, for value received, &c.

(Signed,)    J. H. OATMAN,
             T. H. OATMAN.

Indorsed, without date,
    JESSE OATMAN,
    CHARLES U. BETTERTON,
    N. H. COBB,
    T. H. COLLINS.

These parties were all declared against as makers.

Issues of fact. The note and indorsements were the only evidence on the trial. Judgment for the plaintiff, as to *J. H.*

and *T. H. Oatman*, and against the plaintiff, as to *Jesse Oatman, Betterton, Cobb* and *Collins*.

The only question in the case is, what is the *prima facie* liability of the four signers upon the back of the note? We must ascertain, as a preliminary point, the character of the note.

1. It is a note not governed, in this State, by the law merchant, as to diligence against makers and rights of defense, because it is not payable at a bank in this State. The limiting term, "chartered," was inadvertently used in *Mix* v. *The State Bank*, 13 Ind. 521. *Davis* v. *McAlpine*, 10 Ind. 137. See *Harris* v. *Pierce*, 6 Ind. 162; *Hubler* v. *Pullen*, 12 Ind. 567. But the note is negotiable by statute. *Wells* v. *Jackson*, 6 Blackf. 40. 2. The indorsements on the note, being without date, must be taken to have been made at the date of the note. Ind. Dig., p. 208; 1 Ind. 125; 6 Ind. 478. 3. Here, then, we have a note not governed by the law merchant, but still negotiable, indorsed by third persons, but not by the payee, at the time of its execution; and the question is, what is, *prima facie*, their liability? In this State, it is that of indorsers of the note. *Sell et al.* v. *Leslie*, at this term; *Harris* v. *Pierce, supra; Cecil* v. *Mix*, 6 Ind. 478, and previous cases there cited. And there would be no variation in this rule when applied to notes negotiable by the law merchant. *Bowers* v. *Headen*, 4 Ind. 318; *Burnham* v. *Gallentine*, 11 Ind. 295.

In the case of indorsers who place their names upon the back of a negotiable note at the time of its execution, in the absence of the prior indorsement of the payee, perhaps parol evidence is admissible to rebut their *prima facie* liability as indorsers, and show it to be that of makers. *Wells* v. *Jackson*, 6 Blackf. 40; 6 Ind. 478. But where, in such case, the payee first indorses the note, the indorsers subsequent to him are presumptively liable only as indorsers, and that presumption can not be rebutted; the liability of indorsers in such case can not be varied by parol evidence. *Vore* v. *Hurst*, 13 Ind. 551. In the case at bar, the indorsers being presumptively liable as indorsers simply, and no evidence having been given to vary that liability, the judg--- ---- -h---l-

have been in their favor, and against the plaintiff, as it was. See *Kirby* v. *Studebaker*, 15 Ind. 45.

May Term,
**1861.**

> *Per Curiam.*—The judgment is affirmed, with costs.
>
> *R. Crawford*, for the appellant.
>
> *W. T. Otto*, for the appellees.