Drake v. Markle.

<hr/>

DRAKE v. MARKLE.

PROMISSORY NOTE.—The following instrument is a promissory note: "No. 7. *Farmers' and Mechanics' Bank, Indianapolis, April* 26th, 1855. *Jacob Markle* has deposited in this bank seventy-five hundred and eighty-four dollars, payable to the order of himself, in currency, on return of this certificate. *A. May,* Prest." Indorsed on the back: "*J. P. Drake, A. May.*"

SAME—NEGOTIABLE.—Such a note is negotiable by indorsement, under the law of *Indiana,* and the legal presumption is, that *Drake* and *May* placed their names upon it as indorsers.

Drake *v.* Markle.

EVIDENCE—CONTRACT.—In an action upon such a note against the indorsers, as makers or otherwise, parol evidence is inadmissible to prove that they, by their indorsements, intended to assume any other relations to the paper than those of indorsers.

CASES OVERRULED.—The cases of *Wells* v. *Jackson,* 6 Blackf. 40; *Early* v. *Foster,* 7 *id.* 35; *Harris* v. *Pierce,* 6 Ind. 162; *Cecil* v. *Mix, id.* 478; *Snyder* v. *Oatman,* 16 *id.* 265, and *Sill* v. *Leslie, id.* 236, so far as they are inconsistent with the decision in this case, are overruled.

APPEAL from the *Marion* Circuit Court.

HANNA, J.—*Markle* held, and sued *Drake* upon, an instrument in writing as follows:

"No. 7.          FARMERS' AND MECHANICS' BANK,
                  *Indianapolis, April* 26th, 1855.

"*Jacob Markle* has deposited in this bank seventy-five hundred and eighty-four dollars, payable to the order of himself, in currency, on return of this certificate.    A. MAY, Prest."

Indorsed on the back of it: "*J. P. Drake, A. May.*"

The Court permitted parol evidence of the purpose and intent of *Drake,* in placing his name upon said paper. The only point made here is upon said ruling of the Court.

It has been held by this Court for a number of years, whatever may be the decisions in other States, that where a blank indorsement is made on that kind of paper, and, under circumstances wherein the relation of the person so placing his name to the maker, and his liability to the holder of said paper, are not fixed by known rules of law, arising out of, and applying to, said act, parol evidence may be given to fix his liability; that is, the capacity in which he was to be held liable. Does this paper come within that rule?

This instrument, it appears to us, contains the requisites of a promissory note, as stated by the Supreme Court of the

*United States,* in *Miller* v. *Austin,* 13 Howard, 218, to-wit: "that a promise to deliver, or to be accountable for, so much money, is a good bill or note." No precise form of words is essential to the validity of a promissory note. Byles on Bills, side p. 5. But it must be an absolute promise, in writing, signed, but not sealed, to pay a specified sum at a time therein limited, or on demand, or at sight, to a person therein named, or to his order, or to the bearer. *Id.* 4. It has been held, that a certificate of deposit falls within the definition of a promissory note. 13 Howard, 218; *Corey* v. *McDougald,* 7 Georgia, 84; *Lowe* v. *Murphy,* 9 *id.* 338.

Having thus arrived at the conclusion that the paper was the promissory note of the bank, it is material to inquire whether it was negotiable or not, as both classes of paper are not subject to the same rule. *Snyder* v. *Oatman,* 16 Ind. 265; *Bowers* v. *Headon,* 4 Ind. 318; *Burnham* v. *Gallentine,* 11 *id.* 295; *Vore* v. *Hurst,* 13 Ind. 551; *Cecil* v. *Mix,* 6 Ind. 478; *Sill* v. *Leslie,* 16 *id.* 236. The rule, as to negotiable paper, is, that persons, who may thus indorse, are presumed to have bound themselves as indorsers. See cases in 16 Ind. and 13 *id.,* before cited. But, in this State, it has been repeatedly held, that such presumption may be overcome by parol evidence, that they signed with the intention of becoming bound as makers. *Wells* v. *Jackson,* 6 Blkf. 40; *Early* v. *Foster,* 7 Blkf. 35; *Harris* v. *Pierce,* 6 Ind. 162, and cases already cited. In some of these cases, it is intimated that such evidence is admissible to show that the person so indorsing did it as a guarantor, and should be held liable as such. *Harris* v. *Pierce,* 6 Ind. 162.

It is as to the correctness of this latter proposition that our attention is specially directed by counsel; that is, as to the admissibility of such testimony touching the liability of such an indorser, as a guarantor, in view of the statute of frauds, in regard to answering for the debt of another, &c.

Drake *v.* Markle.

By our statute, 1 G. & H. 447, "all promissory notes, signed by any person who promises to pay money, or who acknowledges money to be due, shall be negotiable by indorsement thereon." If we are correct, that the writing sued on is a note, it is negotiable under this statute, and, *prima facie,* *Drake* and *May* placed their names upon it as indorsers, and, without explanation, could only be liable as indorsers.

The payee brings this suit. He does not attempt to charge them as indorsers, if he could so charge them, of which we express no opinion, but avers that they signed or indorsed in the capacity of guarantors, &c.; and as such, he seeks to charge them by parol evidence. Could he do so legally?

A guaranty is a promise made upon a good consideration, to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person, who is, in the first instance, liable to such payment or performance. 1 Bouvier's Law Dict. Smith on Mercantile Law, p. 447, under the head of guaranties, employs the same language in the definition thereof, except that he says nothing therein as to the consideration. The *statute of frauds provides,* that "no action shall be brought * * to charge any person, upon any special promise, to answer for the debt, default or miscarriage of another, * * * unless the promise, contract, or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the person to be charged therewith," &c. 1 G. & H. 348.

This suit is brought, we suppose, upon the assumption that, under this statute, the writing, &c., therein mentioned, is only necessary to evidence the contract, not to constitute it; or, upon the assumption that the facts do not bring the agreement within the statute. As to the latter part of the proposition, the great weight of authority is to the effect that a guaranty is within the statute, where it is not founded upon

some new consideration. Smith's Mer. Law, 447, 65 and auth.; Bouvier's L. Dict.

This Court has repeatedly held, that the statute applies to the rules of evidence, and not of pleading. *Mills* v. *Kuykendall*, 2 Blkf. 47; 8 *id.* 24; 4 Ind. 488; 6 *id.* 53. See, also, 1 Chitty's Pleading, 301-4. Whether the present statute, namely, that "when any pleading is founded on a written instrument, the original or a copy thereof must be filed with the pleading," 2 G. & H. 104, should be construed to affect these decisions, we need not inquire.

Plainly, then, this was, as averred, an undertaking by *Drake* to pay to *Markle*, or order, the amount of money by him deposited, if the person, that is, the bank, with whom the deposit was made, did not pay. It was, as averred, a collateral undertaking. Clearly, it was an agreement to answer for the debt of another. Whatever subtlety may have been thrown into the reasoning in opinions that have been pronounced, it appears to us, the plain intention of this statute is to require that the evidence to establish such an agreement shall be in writing. Here is merely *Drake's* name on the back of a note. The legal presumption is, that he signed as an indorser. As such, he would be entitled to certain fixed and settled rights. The contract which the law would fix upon him, in the absence of any explanation of the act of placing his name in that position, is sought to be changed, or rather set aside, and another and different contract put in its place. Very well; but to establish this latter character of undertaking, certain evidence is required by a positive statute. That form of testimony is not resorted to, or produced. In view of this statute, we can not see how a collateral contract, to answer for the debt of another, can be shown, by parol, to have been entered into or intended, by the mere writing his name, by *Drake*, on the back of the note of such other person. It is really making a contract between the parties,

which, in the absence of such evidence, the law would not intend from the act performed. It may be said that the contract was made previous to, and distinct from, the act of indorsing the name of the promissor on the note. That is probable; but what was that contract? The plaintiff says he will show by the oral testimony of these witnesses. Perhaps no general principle would be violated in doing so, in the absence of positive law. But we are met by the positive statute, which forbids the establishment of the fact by oral testimony. This may operate oppressively in individual cases, but the law is thought to be necessary to guard against frauds and perjuries.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further trial.

*S. Major* and *O. B. Torbett,* for the appellant.

*J. E. McDonald* and *A. L. Roache,* for the appellee.