

FILED

Oct 16 2018, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen C. Wheeler
Smith Fisher Maas Howard & Lloyd,
P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Thomas M. Beeman
Beeman Law
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Berkshire Hathaway Homestate Insurance Company, | October 16, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-PL-446 |
| v. | Appeal from the Madison Circuit Court |
| Christina Basham d/b/a Basham Family, L.P., | The Honorable David A. Happe, Judge |
| *Appellee-Plaintiff,* | The Honorable Kevin M. Eads, Magistrate |
| Voldico, LLC, Andrew Vollmer, Standard Agencies, Inc., and Carol J. Jenkinson, | Trial Court Cause No. 48C04-1704-PL-38 |
| *Defendants.* | |

**Najam, Judge.**

# Statement of the Case

Berkshire Hathaway Homestate Insurance Company ("Berkshire Hathaway") appeals the trial court's denial of its motion for partial summary judgment and grant of summary judgment for Christina Basham d/b/a Basham Family, L.P. ("Basham") on Basham's complaint, which alleged that Berkshire Hathaway had wrongfully denied insurance coverage on a detached garage.[1] Berkshire Hathaway raises one issue for our review, namely, whether the trial court erred when it denied its motion for summary judgment and entered summary judgment for Basham.[2]

We affirm.

# Facts and Procedural History

Basham owns fifteen rental properties. Basham obtained an insurance policy from Berkshire Hathaway to cover the rental properties, which was effective from November 17, 2016, until November 17, 2017. The insurance policy provided, in relevant part, as follows:

    A. Coverage

---

[1] Voldico, LLC; Andrew Vollmer; Standard Agencies, Inc.; and Carol J. Jenkinson, named defendants below, do not participate in this appeal.

[2] Basham cross appeals and asserts that the trial court erred when it concluded that the insurance policy was ambiguous. However, because we must determine whether the contract was ambiguous in order to address Berkshire Hathaway's claim, we need not separately address Basham's contention on cross-appeal.

> [Berkshire Hathaway] will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

> 1. Covered Property

> Covered Property, as used in this Coverage Part, means the type of property described in this section, A.1., and limited in A.2, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

> a. Building, meaning the building or structure described in the Declarations, including:

> (1) Completed additions[.]

Appellant's App. Vol. II at 24 (bold removed). The insurance policy also contained a section entitled "Property Not Covered," which described various items or categories of items that were not covered by the insurance policy.

[4] Berkshire Hathaway issued one insurance policy to cover all fifteen properties. In addition, Berkshire Hathaway issued declarations for each individual property. One of the covered properties is located in Elwood. The declarations for that property provided a description of the premises and the coverage provided. Under the "Description of Premises," the declarations identified the premises as "Premises Number: 15[,] Building Number: 1[.]" *Id.* at 23. The declarations also included an address of 800 N. 13th St., Elwood, IN 46036,

and it listed the occupancy as "RENTAL DWELLINGS–OTHER THAN STUDENT HOUSING." *Id.*

[5] The premises in Elwood included a house and a detached garage. On December 30, 2016, a fire burned down the garage and greatly damaged the house. Basham filed a claim with Berkshire Hathaway for the damages. Berkshire Hathaway paid for the damage to the house, but it denied Basham's claim for damage to the detached garage. In particular, Berkshire Hathaway stated that "the detached garage does not meet the definition of Covered Property, as outlined by the Policy. The garage was not specifically insured on the Policy. The Policy only applies to Covered Property." *Id.* at 157.

[6] On April 25, 2017, Basham filed a complaint against Berkshire Hathaway in which she alleged that Berkshire Hathaway had wrongfully denied insurance coverage on the detached garage. Thereafter, on July 17, Basham filed a motion for partial summary judgment.[3] In that motion, Basham alleged that the insurance policy was unambiguous and covered the garage. In the alternative, Basham contended that, even if the policy was ambiguous, the ambiguous policy should be construed in her favor to cover the garage.

[7] In response, Berkshire Hathaway asserted that the detached garage was not covered under the policy because the garage was not a completed addition.

---

[3] Basham also included separate claims against other defendants in her complaint. But her motion for partial summary judgment was limited to her claims against Berkshire Hathaway.

Further, Berkshire Hathaway filed a counter motion for summary judgment in which it contended that the policy was unambiguous and did not cover the detached garage. In support of their respective motions for summary judgment, both parties designated the insurance policy and declarations as evidence. After a hearing on the cross motions for summary judgment, the trial court concluded that the insurance policy was ambiguous and interpreted the policy in Basham's favor. Accordingly, the court determined that the detached garage was covered by the policy, entered summary judgment for Basham, and denied Berkshire Hathaway's motion for summary judgment. This interlocutory appeal ensued.

# Discussion and Decision

[8] Berkshire Hathaway contends that the trial court erred when it denied Berkshire Hathaway's motion for summary judgment and entered summary judgment for Basham. Our standard of review is clear. The Indiana Supreme Court has explained that

> [w]e review summary judgment *de novo*, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id*. (internal citations omitted).

> The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (omission and some alterations original to *Hughley*). "'The fact that the parties have filed cross-motions for summary judgment does not alter our standard of review, as we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law.'" *SCI Propane, LLC v. Frederick*, 39 N.E.3d 675, 677 (Ind. 2015) (quoting *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012)).

[9] Here, the trial court entered findings of fact and conclusions thereon in its summary judgment order. While such findings and conclusions are not required in a summary judgment and do not alter our standard of review, they are helpful on appeal for us to understand the reasoning of the trial court. *See Knighten v. E. Chicago Hous. Auth.*, 45 N.E.3d 788, 791 (Ind. 2015).

[10] Both parties agree that coverage under the insurance policy is limited to Covered Property. But, on appeal, the parties dispute whether the detached

garage was "Covered Property" under the terms of the policy. "The interpretation of an insurance policy is primarily a question of law for the court, and it is therefore a question which is particularly suited for summary judgment." *Wagner v. Yates*, 912 N.E.2d 805, 808 (Ind. 2009).

[11] It is well settled that

> [i]nsurance polices are governed by the same rules of construction as other contracts. . . . When interpreting an insurance policy, our goal is to ascertain and enforce the parties' intent as manifested in the insurance contract. We construe the insurance policy as a whole and consider all of the provisions of the contract and not just the individual words, phrases or paragraphs.

*Am. Access Cas. Co. v. Cincinnati Ins. Co.*, 103 N.E.3d 644, 649 (Ind. Ct. App. 2018) (internal citations omitted).

[12] "'Policy terms are interpreted from the perspective of an ordinary policyholder of average intelligence. If reasonably intelligent persons may honestly differ as to the meaning of the policy language, the policy is ambiguous.'" *Thomson Inc. v. Ins. Co. of N. Am.*, 11 N.E.3d 982, 993 (Ind. Ct. App. 2014) (quoting *Gasser v. Downing*, 967 N.E.2d 1085, 1087 (Ind. Ct. App. 2012)). "'However, an ambiguity does not exist merely because the parties proffer differing interpretations of the policy language.'" *Id.* (quoting *Buckeye State Mut. Ins. Co. v. Carfield*, 914 N.E.2d 315, 318 (Ind. Ct. App. 2009)).

[13] The insurance policy provided that Berkshire Hathaway "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." Appellant's App. Vol. II at 24. The policy further defined Covered Property, in relevant part, as the "Building, meaning the building or structure described in the Declarations" plus any "completed additions[.]" *Id.* (bold removed). Thus, we must determine whether the detached garage is covered under the policy as the "Building" or as a "completed addition." We first address whether the detached garage is covered as the "Building."

[14] The insurance policy explicitly defines the Building as "the building or structure described in the Declarations." *Id.* And the declarations for the property at issue describe the premises as "Premises Number: 15[,] Building Number: 1[.]" *Id.* at 23. It further describes the occupancy as "RENTAL DWELLINGS–OTHER THAN STUDENT HOUSING[.]" *Id.*[4] Based on the policy's use of "the building or structure" in the singular, the declarations reference to building number 1, and the fact that the declarations page specifically describes the category of occupancy as "rental dwellings," it is clear that the only building described in the declarations is the residential building. And, under the plain language of the insurance policy, only the "building or structure described in the Declarations" is covered as the "Building." *Id.*

---

[4] The contract also included a section titled "Property Not Covered," which contained a lengthy list of specific items or categories of items that were not covered by the policy. There is no dispute that that section of the policy did not specifically exclude detached garages.

Because the garage is not the building or structure described in the declarations, it is not covered under the policy as the "Building."

[15] Still, Basham contends that the detached garage is covered under the policy as the "Building" because it is *a* building located at the address provided in the declarations. But the insurance policy is clear. It does not say that it covers any building at the address. Rather, the insurance policy only covers "Covered Property" at the premises, which is "*the* building or structure described in the Declarations." *Id.* (emphasis added). And, again, the declarations describe the residential dwelling, not the garage. However, our conclusion that the detached garage is not covered as the "Building" does not end our inquiry. We must also consider whether the detached garage is a completed addition under the policy.

[16] The insurance policy does not define the term "completed addition," although a term is not ambiguous simply because it is not defined. *See Thompson Inc.*, 11 N.E.3d at 993. Berkshire Hathaway asserts that the detached garage is not a completed addition because it is not physically attached to the house. To support its contention, Berkshire Hathaway relies on the definition of "addition" found in Merriam-Webster's online dictionary, which defines an "addition" as "a part added (as to a building or residential section)." Merriam-Webster, https://www.merriam-webster.com/dictionary/addition (last visited October 2, 2018). Based on that definition and the fact that "[t]he term 'completed additions' is listed under the term 'building'" in the insurance policy, Berkshire Hathaway contends that any completed addition must be physically attached to the building in order to be insured as "Covered

Property." Appellant's Br. at 19. And because the garage is not physically attached to the house, Berkshire Hathaway asserts that the insurance policy is unambiguous and does not cover the garage.

[17] We cannot agree that the term "completed addition" under the policy can only mean that a garage must be physically attached to the building to be insured. While an addition can be defined as "a part added" to a building, Merriam-Webster, *supra*, that term can also be defined as an "annex." Black's Law Dictionary 46 (10th ed. 2014). And an "annex" is "a subsidiary supplementary structure either part of *or separate from* a main structure." Webster's Third New Int'l Dictionary 87 (2002) (emphasis added).

[18] We conclude that the term "completed addition" does not have a single meaning. As Berkshire Hathaway suggests, a "completed addition" can refer to a structure that is physically attached to a building. But that term can also refer to a supplementary structure that is separate from a building. Thus, Berkshire Hathaway's reliance on one definition to the exclusion of another is misplaced. An ordinary policy holder of average intelligence could interpret the term "completed addition" to mean either an attached or separate structure. *See Thomson Inc.*, 11 N.E.3d at 993. Because reasonably intelligent people may honestly differ as to the meaning of "completed addition," that term is ambiguous. *See id*.

[19] It is well settled that where there is an ambiguity, "insurance policies are to be construed strictly against the insurer." *Id*. Because the term "completed

addition" is ambiguous, we strictly construe it against Berkshire Hathaway. Thus, the detached garage is covered under the insurance policy, and the trial court did not err when it entered summary judgment for Basham and when it denied Berkshire Hathaway's motion for summary judgment. We therefore affirm the trial court.

[20] Affirmed.

Crone, J., and Pyle, J., concur.