## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 27 2019, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Joseph R. Delehanty
Gutwein Law
Lafayette, Indiana

Carina M. de la Torre
The de la Torre Law Office, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Joseph L. Mulvey
Mulvey Law, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nanak Holdings, Inc.,

*Appellant-Plaintiff,*

v.

4M of Indianapolis, Inc.,
Tak Management, Inc., and
Tahir Khan,

*Appellees-Defendants.*

August 27, 2019

Court of Appeals Case No.
18A-CC-2602

Appeal from the Marion Superior
Court

The Honorable Cynthia J. Ayers,
Judge

The Honorable Anne Flannelly,
Magistrate

Trial Court Cause No.
49D04-1611-CC-41891

**Mathias, Judge.**

[1] Nanak Holdings, Inc. ("Nanak") appeals the Marion Superior Court's order granting partial summary judgment to 4M of Indianapolis, Inc., Tak Management, Inc., and Tahir Khan (collectively "the Defendants") and removing Khan as a defendant from the proceedings. Nanak appeals and argues that a genuine issue of material fact, i.e. whether Khan executed a personal guaranty, precludes the entry of summary judgment in this case.

[2] We affirm.

## Facts and Procedural History

[3] On March 6, 2015, lessor Nanak, by its principal and sole owner, Varinder Sahi, and lessee 4M, by its principal Tahir Khan, entered into a lease agreement with respect to a gas station located on West Washington Street in Indianapolis, Indiana. In pertinent part, the lease agreement provides:

> Lessor is entering into this Lease Agreement upon the express condition that the obligations of the Lessee hereunder be personally guaranteed by Tahir Khan, Lessee's principal shareholder. If Tahir Khan fails or refuses to execute a written personal guaranty of Lessee's obligations hereunder, this Lease shall be null and void.

Appellant's App. Vol. II, p. 168.

[4] Nanak provided a blank guaranty to Khan when the lease was executed between the parties. Nanak claims that Khan agreed to execute the guaranty but wanted his business partner to sign it as well. It is undisputed that Khan never retuned a signed guaranty to Nanak. Nanak allowed 4M to take possession of

the West Washington Street gas station even though he had not received a copy of Khan's signed guaranty.

[5] Khan is also the principal of Tak Management. Shortly thereafter, on April 1, 2015, Nanak leased a gas station on Post Road in Indianapolis to Tak Management. The Post Road lease did not contain the above-quoted guaranty provision. But Sahi claims that Khan stated that he would also personally guarantee Tak's obligations under the Post Road lease.

[6] In November 2016, Nanak filed a complaint for eviction and damages against 4M and Khan relating to the West Washington Street gas station. Nanak also requested immediate possession of the gas station.[1] Approximately nine days later, Nanak filed an amended complaint reiterating its claims with regard to the West Washington Street gas station but also alleging that Tak and Khan had breached the Post Road gas station lease. Specifically, Nanak alleged that 4M and Tak breached the lease agreements by failing to pay rent and taxes on the leased premises and that Khan breached his guaranties because he failed and/or refused to cure 4M's and Tak's defaults under the lease agreements. In Counts Five and Six of the amended complaint, Nanak alleged that, as conditions of the West Washington Street and Post Road leases, Khan promised to be personally responsible for 4M's obligations and to sign personal

[1] On February 8, 2017, the parties agreed to transfer possession of the West Washington Street gas station to Nanak.

guaranties, and Nanak reasonably relied on Khan's promises. In Count Seven, Nanak argued that as a result of their wrongful conduct, the Defendants have been unjustly enriched at Nanak's expense. And finally, in Count Eight, Nanak alleged that it was induced to enter into the West Washington Street and Post Road leases based on Kahn's false representations that he had executed the guaranties.

[7] In the Defendants' answer and counterclaim, Khan denied executing a guaranty for either the West Washington Street or Post Road leases. The Defendants also alleged that the West Washington Street lease was void because Kahn never executed a guaranty. With regard to the Post Road gas station, the Defendants claimed that Tak Management and Kahn only agreed to monitor the gas station to prevent it from being vandalized or otherwise damaged. However, the parties entered into the lease so that Tak Management could contract with suppliers for goods and services for the Post Road gas station. Therefore, the Defendants alleged that the parties agreed that rental payments would not be enforced. The Defendants also alleged that Nanak breached the West Washington Street lease agreement in several respects, including failing to repair and maintain the facilities and to secure a branded convenience store. The Defendants also raised counterclaims on the theories of promissory estoppel, unjust enrichment, and fraud based on promises Nanak made to the Defendants with regard to the two gas stations. Finally, the Defendants alleged that Nanak had committed check fraud, deception, and

conversion by initiating an unauthorized and fraudulent electronic transfer from 4M's checking account.

[8] On August 18, 2017, the Defendants filed a motion for partial summary judgment requesting judgment on all claims that Nanak alleged against Kahn personally, on breach of contract for the West Washington Street gas station lease (Count I), and the Defendants' counterclaims for deception, conversion, and theft against Nanak. On January 12, 2018, Nanak filed a cross-motion for partial summary judgment on Count I, breach of the Washington Street lease, Count II, breach of the Post Road lease, and Count VII unjust enrichment of its complaint.

[9] In support of their respective motions, Khan and Sahi designated affidavits to the trial court. In his affidavits, Khan stated that he did not execute "any personal guaranty in favor of Nanak or Sahi with respect to either of the Leases, either of the Stations, any liability of 4M or Tak, or otherwise." Appellant's App. Vol. II, p. 174; *see also* Appellant's App. Vol. III, p. 152. In response, in his affidavit Sahi stated that he provided Khan with a personal guaranty when they signed the West Washington gas station lease and that Khan agreed to sign the guaranty and would return a signed copy once Khan's business partner had also signed it. Appellant's App. Vol. II, p. 214–15. Sahi also stated that when 4M took possession of the gas station, Khan said that he and his business partner had signed the guaranty and Khan would send a copy to Sahi. *Id.* at 215.

[10] After a hearing was held on the parties' motions, the trial court determined that Khan, in his individual capacity, was entitled to summary judgment on all claims and removed Khan as a defendant in the proceeding. The court also determined that Defendant 4M was entitled to summary judgment on Count I of Nanak's complaint (breach of West Washington lease). The trial court entered a final judgment as to all counts against Khan and Count I of Nanak's complaint pursuant to Indiana Trial Rule 54.

[11] However, the court determined that the existence of genuine issues of material fact precluded the entry of summary judgment on Counts II (breach of the Post Road lease) and VII (unjust enrichment) of Nanak's complaint. The court also denied 4M's motion for partial summary judgment on Counts IV and VII of the Third-Party Complaint and Counterclaim against Nanak and Sahi for deception, conversion, theft and treble damages pursuant to the Crime Victims Relief Act.

[12] Nanak now appeals. Specifically, Nanak appeals the trial court's award of summary judgment to Khan and award of summary judgment to 4M on Count One of Nanak's complaint.

## Standard of Review

[13] When we review the entry of summary judgment, we apply the same standard as the trial court. *City of Lawrence Util. Serv. Bd. v. Curry*, 68 N.E.3d 581, 585 (Ind. 2017). Summary judgment is appropriate only when "the designated evidentiary matter shows that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). An issue is "genuine" if a trier of fact is required to resolve the truth of the matter; a fact is "material" if its resolution affects the outcome of the case. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). "Just as the trial court does, we resolve all questions and view all evidence in the light most favorable to the non-moving party, so as to not improperly deny him his day in court." *Alldredge v. Good Samaritan Home, Inc.*, 9 N.E.3d 1257, 1259 (Ind. 2014) (citation omitted). When the challenge to summary judgment raises questions of law, we review them de novo. *Rogers v. Martin*, 63 N.E.3d 316, 320 (Ind. 2016). The party opposing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *City of Lawrenceburg v. Milestone Contractors*, 809 N.E.2d 879, 882–83 (Ind. Ct. App. 2004), *trans. denied.* Finally, the fact that the parties have filed cross motions for summary judgment does not alter our standard of review, as we consider each motion independently to determine whether the moving party is entitled to judgment as a matter of law. *Berkshire Hathaway Homestate Ins. Co. v. Basham*, 113 N.E.3d 630, 633 (Ind. Ct. App. 2018), *trans. denied*.

## Discussion and Decision

[14] Nanak argues that the trial court erred when it entered summary judgment in Khan's favor and on Count I of its complaint because whether Khan signed the guaranty for the West Washington Street lease is a genuine issue of material fact that must be resolved by a fact-finder. In response, the Defendants argue that the trial court properly determined that Khan was entitled to judgment as a

matter of law because Nanak did not designate a guaranty signed by Khan to the trial court, and therefore, Khan was not personally obligated under the West Washington Street lease, and the lease is void.

[15] "A guaranty is defined as 'a promise to answer for the debt, default, or miscarriage of another person.'" *S-Mart, Inc. v. Sweetwater Coffee Co.*, 744 N.E.2d 580, 585 (Ind. Ct. App. 2001) (citation omitted), *trans. denied*. "It 'is an agreement collateral to the debt itself' and represents a 'conditional promise' whereby the guarantor promises to pay only if the principal debtor fails to pay." *Id*. (citation omitted).

[16] Indiana's Statute of Frauds provides in part as follows:

> A person may not bring any of the following actions unless the promise, contract, or agreement on which the action is based, or a memorandum or note describing the promise, contract, or agreement on which the action is based, is in writing and signed by the party against whom the action is brought or by the party's authorized agent:
>
> ....
>
> (2) An action charging any person, upon any special promise, to answer for the debt, default, or miscarriage of another.

Ind. Code § 32-21-1-1(b).

[17] Statute of Frauds has existed in substantially the same form, at least as it pertains to guaranties, for well over a century. *See, e.g.*, *Drake v. Markle*, 21 Ind. 433, 436 (1863) ("The statute of frauds provides, that 'no action shall be brought * * to charge any person, upon any special promise, to answer for the

debt, default or miscarriage of another, * * * unless the promise, contract, or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the person to be charged therewith[.]'"); *see also Grabill Cabinet Co., Inc. v. Sullivan*, 919 N.E.2d 1162, 1167 (Ind. Ct. App. 2010) (explaining that the Statute of Frauds requires a guaranty to be in writing and signed by the guarantor in order to be valid).

[18]   The West Washington Street lease that was executed between Nanak and 4M provides in pertinent part:

> Lessor is entering into this Lease Agreement upon the express condition that the obligations of the Lessee hereunder be personally guaranteed by Tahir Khan, Lessee's principal shareholder. If Tahir Khan fails or refuses to execute a written personal guaranty of Lessee's obligations hereunder, this Lease shall be null and void.

Appellant's App. Vol. II, p. 168.

[19]   Nanak provided a blank guaranty to Khan when the lease was executed between the parties. The parties dispute whether Khan stated that he had signed the guaranty and would provide a copy to Nanak. But it is undisputed that no executed guaranty for either the West Washington Street gas station lease or the Post Road gas station lease was ever provided to Nanak and Nanak did not witness Khan signing any guaranty. Neither party designated a signed copy of the guaranty to the trial court. Therefore, the Statute of Frauds prevents enforcement of Khan's promise to guaranty the payments and obligations

provided for in the West Washington Street and/or Post Road lease(s).[2] And, under the unambiguous and plain terms of the West Washington Street lease, because there is no executed, written guaranty, the lease is null and void. Appellant's App. Vol. II, p. 168

[20] In its Reply brief, Nanak briefly mentions other "bases under Indiana law why the Statute of Frauds is unavailable to allow Khan to escape personal liability or for 4M to reduce liability under the circumstances[.]" Reply Br. at 20. In its complaint and other pleadings, Nanak raised claims of promissory estoppel, unjust enrichment, and fraud. However, Nanak does not cite to any authority or specifically argue that the trial court erred when it granted summary judgment to Khan on those claims raised in Nanak's complaint. Therefore, Nanak has waived these issues on appeal.

[21] Finally, Nanak argues that the trial court's order concerning Count VII of its amended complaint is inconsistent and requires reversal. The trial court granted summary judgment to Khan on Count VII of Nanak's complaint claiming unjust enrichment. The trial court also denied Nanak's motion for summary judgment on Count VII of its complaint, which Nanak argues is inconsistent with its grant of summary judgment to Khan on that count. However, when read in its entirety, it is clear that while the court granted summary judgment to

---

[2] Nanak attempts to analogize this case to one involving a lost or missing written instrument. But Nanak never witnessed or had possession of a guaranty signed by Khan. For this reason, we are not persuaded by Nanak's reliance on *Marksill Specialties, Inc. v. Barger*, 428 N.E.2d 65, 68 (Ind. Ct. App. 1981) and *Davis v. Schneider*, 395 N.E.2d 283, 285 (Ind. Ct. App. 1979). *See* Appellant's Reply Br. at 14–17.

Khan, it left for trial Nanak's claim of unjust enrichment against 4M and Tak Management.

## Conclusion

[22] Because Nanak did not designate an executed guaranty to the trial court, the trial court properly granted summary judgment to Khan, in his individual capacity, and to all Defendants on Count I (breach of the West Washington Street lease) Nanak's complaint. We therefore affirm the judgment of the trial court.

[23] Affirmed.

Vaidik, C.J., and Crone, J., concur.